# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ROANOKE DIVISION

| | | |
|---|---|---|
| **BRENDA TURNER,** | ) | |
| Petitioner, | ) | Case No. 7:05-cv-00579 |
| v. | ) | **OPINION** |
| **UNITED STATES OF AMERICA,** | ) | By: James P. Jones |
| | ) | Chief United States District Judge |
| Respondent. | ) | |

Brenda Turner, a federal inmate proceeding pro se, brings this Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2005). Turner appears to challenge the validity of two separate convictions, for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C.A. § 841 (West 2000 & Supp. 2005), and for solicitation of a crime of violence, in violation of 18 U.S.C.A. § 373 (West 2000). I find that Turner's Motion is untimely filed and will dismiss it accordingly.

I

Brenda Turner pleaded guilty pursuant to a written plea agreement on February 5, 2002, to conspiracy to manufacture more than 500 grams of methamphetamine. Case No. 1:01-CR-00075. On December 12, 2002, I sentenced Turner to 210 months imprisonment on this offense. In a separate case, Turner pleaded guilty pursuant to a written plea agreement on December 19, 2002, to solicitation of a crime of violence.

Case No. 1:02-CR-00064. On March 3, 2003, I sentenced her to 97 months imprisonment on this offense. She did not appeal either of these judgments.

Turner executed her § 2255 Motion on September 13, 2005. The court conditionally filed the Motion and allowed Turner the opportunity to state her claims for relief more specifically and to show why her Motion should not be dismissed as untimely filed. Turner particularized her claims to allege the following grounds for relief as to the drug offense: (1) trial counsel failed to advise her of her right to appeal; (2) counsel failed to move for downward departure at sentencing based on petitioner's mental health problems; and (3) counsel failed to provide her with copies of her legal documents, including transcripts. In the original § 2255 Motion, Turner also states the following claims, for which she fails to offer any facts or argument in support: "Conspiracy"; " Guilty plea"; and "Entrapment." As relief in this action, Turner seeks to have her sentences run concurrently or reduced.

II

A person convicted of federal offenses has one year to file a § 2255 motion, starting from the latest of the following dates:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255 para. 6. If the district court gives petitioner notice that her habeas petition appears to be untimely and allows her an opportunity to provide any argument and evidence she may have regarding timeliness, and petitioner fails to make the requisite showing, the district court may summarily dismiss the petition. *See Hill v. Braxton*, 277 F.3d 701, 707 (4th Cir. 2002).

Equitable tolling is available only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutcherson*, 209 F.3d 325, 330 (4th Cir. 2000). Generally, a petitioner seeking equitable tolling must demonstrate that she has been diligently pursuing her rights and that some extraordinary circumstances stood in her way to prevent her from filing a timely petition. *See Pace v. DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005); *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2003). Mere lack of knowledge as to a statutory deadline for filing for federal habeas relief or unfamiliarity with the legal process does not support granting such extraordinary relief. *See Harris*, 209 F.3d at 330.

## III

Under § 2255 para. 6(1), Turner's Motion is clearly untimely filed as to both of her convictions. Her methamphetamine offense became final on December 27, 2002, when her ten-day period to file an appeal expired. Fed. R. App. P. 4(b). She had one year from that date, or until December 29, 2003, to file a § 2255 motion concerning this conviction. Turner's conviction for solicitation of murder became final on March 17, 2003, when her ten-day period to file an appeal expired. *Id.* Turner had until March 16, 2004, to file a timely § 2255 motion concerning this conviction. Turner executed the instant Motion on September 13, 2005, more than one year after the filing periods expired on both of her convictions. Thus, I find that as to either of her convictions, Turner's Motion is untimely filed under § 2255 para. 6(1).

In arguing that her Motion should nonetheless be addressed, Turner first cites the former version of § 2255, which provided that a motion under that section could be made at any time. Turner filed this Motion after April 24, 1996, the effective date of the Anti-terrorism and Effective Death Penalty Act, which amended § 2255 to include the filing limitation period. Thus, the limitation period applies to Turner's Motion.

Turner also fails to make a sufficient showing of any ground on which equitable tolling should apply here. She apparently argues that counsel's failure to advise her of her right to appeal, his failure to move for downward departure at sentencing based on Turner's mental status, and his failure to provide her with free

- 4 -

copies of documents from her criminal proceedings should toll the limitation period. She also lists her personality disorder, diagnosis with depression, drug use, and threatening communications as apparent grounds for tolling. These factors may have played a role in counsel's determination of trial strategy during the criminal proceedings. Turner fails to allege any specific facts, however, indicating any respect in which counsel's actions, Turner's mental state or drug use after her convictions, or threatening communications prevented her from filing a timely § 2255. Indeed, within the one-year filing period, Turner was able to file a motion seeking free copies of transcripts from the court and to appeal the court's order denying this motion. Still, she did not file a timely § 2255 motion and offers no viable excuse for failing to do so.

    As Turner fails to demonstrate any ground upon which her Motion might be deemed timely filed or on which she is entitled to equitable tolling, I will summarily dismiss her Motion. An appropriate Final Order will be entered herewith.

                              DATED: November 2, 2005

                              /s/ James P. Jones
                              Chief United States District Judge

- 5 -

Case 7:05-cv-00579-JPJ-mfu   Document 5   Filed 11/02/05   Page 5 of 5   Pageid#: 35